

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00315-CR

———————————————————

JILLIAN VESTAL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR-23646

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Pro se Appellant Jillian Vestal attempts to appeal the judgment revoking her deferred adjudication community supervision and adjudicating her guilt for possession of less than one gram of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(b). But Vestal waived her right of appeal as part of her plea bargain with the State.

In a plea bargain case, a defendant's right of appeal is extremely limited; she "may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02 (similar). The trial court must file a certification clarifying the defendant's right of appeal, and if "a certification that shows the defendant has the right of appeal has not been made part of the record," we "must" dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Vestal's judgment of conviction reflects the "[t]erms of [her p]lea [b]argain," and the trial court's certification confirms that this is a "plea[ ]bargain case," that "the defendant has waived the right of appeal," and that "the defendant has NO right of appeal." *See id.*

Given Vestal's plea bargain and the trial court's certification, we informed Vestal that we could dismiss her appeal unless she showed grounds for continuing it.[1] *Cf.* Tex. R. App. P. 44.3. She responded by asserting that there had been a "breach of procedure" related to the timing of her arrest and indictment.[2] But the alleged "breach" was not (A) "raised by written motion . . . ruled on before trial," (B) approved for appeal by Vestal's "getting the trial court's permission," or (C) "expressly authorized [for appeal] by statute." Tex. R. App. P. 25.2(a)(2).

Accordingly, we dismiss Vestal's appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 23, 2025

---

[1]We sent a similar notice to Vestal's trial counsel, but he did not respond.

[2]Vestal complained that she was "no[t] book[ed] into the county jail prior to the indictment [being] made public," that this was a "breach of procedure," and that it reflected "an aptitude to withhold material evidence."